1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NANCY STARKEY,                                  )
                                                )
                    Plaintiff,                  )        Case No. 2:14-cv-01481-JCM-NJK
                                                )
vs.                                             )        REPORT AND RECOMMENDATION
                                                )
CAROLYN W. COLVIN, ACTING                       )
COMMISSIONER OF SOCIAL SECURITY,                )
                                                )
                    Defendant.                  )
_____)

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner").  Currently pending before the Court is Plaintiff Nancy Starkey's Motion for Reversal and/or Remand.  Docket No. 15.  The Commissioner filed a response in opposition and a Cross-Motion to Affirm.  Docket Nos. 16, 17.  This action was referred to the undersigned magistrate judge for a report of findings and recommendation pursuant to 28 U.S.C. 636(b)(1)(B)-(C) and Local Rule IB 1-4.

**II.    STANDARDS**

A.    Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the

judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g.*, *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g.*, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2003). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g.*, *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.   Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate "he

2

is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 416.914. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

1   individual has a severe medically determinable impairment or combination of impairments, then the

2   analysis proceeds to the third step.

3        The third step requires the ALJ to determine whether the individual's impairments or

4   combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R.

5   Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 416.920(d), 416.925, 416.926.  If the individual's

6   impairment or combination of impairments meet or equal the criteria of a listing and meet the duration

7   requirement (20 C.F.R. § 416.909), then a finding of disabled is made.  20 C.F.R. § 416.920(h).  If the

8   individual's impairment or combination of impairments does not meet or equal the criteria of a listing

9   or meet the duration requirement, then the analysis proceeds to the next step.

10       Before considering step four of the sequential evaluation process, the ALJ must first determine

11   the individual's residual functional capacity.  20 C.F.R. § 416.920(e).  The residual functional capacity

12   is a function-by-function assessment of the individual's ability to do physical and mental work-related

13   activities on a sustained basis despite limitations from impairments.  SSR 96-8p.  In making this finding,

14   the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can

15   reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R.

16   § 416.929; SSRs 96-4p, 96-7p.  To the extent that statements about the intensity, persistence, or

17   functionally-limiting effects of pain or other symptoms are not substantiated by objective medical

18   evidence, the ALJ must make a finding on the credibility of the individual's statements based on a

19   consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance

20   with the requirements of 20 C.F.R. § 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

21       The fourth step requires the ALJ to determine whether the individual has the residual functional

22   capacity to perform his past relevant work ("PRW").  20 C.F.R. § 416.920(f).  PRW means work

23   performed either as the individual actually performed it or as it is generally performed in the national

24   economy within the last 15 years or 15 years prior to the date that disability must be established.  In

25   addition, the work must have lasted long enough for the individual to learn the job and performed at

26   SGA.  20 C.F.R. §§ 416.960(b), 416.965.  If the individual has the residual functional capacity to

27   perform his past work, then a finding of not disabled is made. If the individual is unable to perform any

28   PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

4

1  The fifth and final step requires the ALJ to determine whether the individual is able to do any
2  other work considering his residual functional capacity, age, education, and work experience.  20 C.F.R.
3  § 416.920(g).  If he is able to do other work, then a finding of not disabled is made.  Although the
4  individual generally continues to have the burden of proving disability at this step, a limited burden of
5  going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for
6  providing evidence that demonstrates that other work exists in significant numbers in the national
7  economy that the individual can do.  *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th
8  Cir. 2010).

9  **III.    BACKGROUND**

10         A.    Relevant Procedural History

11         On February 4, 2011, Plaintiff filed an application for disability benefits alleging that she became
12  disabled on October 30, 2009.  *See, e.g.*, Administrative Record ("AR") 108-11.  That claim was denied
13  initially on May 31, 2011, and upon reconsideration on November 29, 2011.  AR 65-68, 70-72.  On
14  January 23, 2012, Plaintiff filed a request for a hearing before an ALJ to review that denial.  AR 12-14.
15  On October 4, 2012,  Plaintiff, represented by her attorney, appeared before ALJ Norman Bennett, and
16  testified on her own behalf.  *See* AR 33-60.  On November 30, 2012, the ALJ issued an unfavorable
17  decision finding that Plaintiff was not disabled under the Social Security Act.  AR 15-32.  The ALJ's
18  decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's
19  request for review on June 16, 2014.  AR 8-10.  On September 12, 2014, Plaintiff commenced this action
20  for judicial review pursuant to 42 U.S.C. § 405(g).  Docket No. 1.

21         B.    The ALJ Decision

22         The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920,
23  and issued an unfavorable decision.  AR 15-32.  At step one, the ALJ found that Plaintiff has not
24  engaged in SGA since October 30, 2009.  AR 20.  At step two, the ALJ found that Plaintiff has the
25  following severe impairments: "depressive disorder and anxiety disorder."  *Id.*  At step three, the ALJ
26  found that Plaintiff does not have an impairment or combination of impairments that meet one of the
27  listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and
28  416.926).  *Id.*

1   The ALJ found that Plaintiff has the residual functional capacity to perform medium work as

2   defined by 20 C.F.R. 404.1567(c), except that she was limited to simple tasks with simple instructions

3   and only occasional contact with supervisors, co-workers, and the public.  AR 22.  At step four, the ALJ

4   found Plaintiff was unable to perform any PRW.  AR 28.  At step five, the ALJ found that jobs exist in

5   significant numbers in the national economy that Plaintiff can perform based on her age, education,

6   work experience, and residual functional capacity.  *Id*.  In doing so, the ALJ defined Plaintiff as a

7   younger individual aged 18-49, with at least a high school education, able to communicate in English,

8   and found that the transferability of job skills is not material to the determination of disability.  *Id*.  The

9   ALJ considered Medical Vocational Rule 203.29, which provides a framework for finding Plaintiff not

10  disabled.  *Id*.  The ALJ also considered the testimony of a vocational expert, who opined that Plaintiff

11  could perform work as a night janitor, night cleaner, data entry clerk, or a house sitter.  AR 29.  Based

12  on all of these findings, the ALJ found Plaintiff not disabled and denied her application for disability

13  insurance benefits.  *Id*.

14  **IV.     ANALYSIS AND FINDINGS**

15      The sole dispute on appeal is whether the ALJ adequately addressed Dr. Warner Wilson's

16  opinion regarding limitations relevant to Plaintiff's residual functional capacity ("RFC").  A claimant's

17  RFC is what a claimant can still do despite her limitations.  *See Smolen v. Chater*, 80 F.3d 1273, 1291

18  (9th Cir.1996).  In conducting his RFC analysis, the ALJ discussed the opinion of Dr. Wilson in detail.

19  AR 25-27.  The ALJ discounted Dr. Wilson's opinion in part, because Dr. Wilson did not "observe any

20  behavior problems despite [Plaintiff]'s complaints" and some psychological tests were "grossly

21  inconsistent" with Dr. Wilson's findings.  AR 27.  In the end, the ALJ only afforded Dr. Wilson's

22  opinion "some weight."  *Id*.

23      The crux of Plaintiff's claim is that the ALJ erred by failing to incorporate in his RFC

24  determination Dr. Wilson's finding that Plaintiff was moderately limited in her ability to respond

25  appropriately to changes in a routine work setting and to usual work situations.  Docket No. 15 at 9.

26  Citing *Bagby v. Comm'r of Soc. Sec.*, 606 F. App'x 888, 890 (9th Cir. 2015), Plaintiff contends this

27  omission constitutes a basis for remand.  *Id*.  However, Plaintiff's reliance on *Bagby* is misplaced.  In

28  that case, the Ninth Circuit found legal error where, "despite *fully crediting* [a physician's] opinion, the

6

1   ALJ failed to incorporate [that physician's] finding that Bagby faced moderate limitations in her ability

2   to '[r]espond appropriately to usual work situations and to changes in a routine work setting' in his

3   [RFC] assessment." *Id.* at 890 (emphasis added). *Bagby*'s reasoning is thus limited to cases where the

4   ALJ fully credits a physician's opinion. *See Moriarty v. Colvin*, 2015 WL 4397913, at *2 (C.D. Cal.

5   July 17, 2015) (finding "that *Bagby* is distinguishable because, unlike the ALJ in that case, the ALJ in

6   this case never fully credited or fully accepted the opinions of [the physician]").

7       Here, like in *Moriarty*, the ALJ never fully credited Dr. Wilson's opinions.  He only gave them

8   some weight, finding them lacking, unsupported, and grossly contradicted by the evidence.  AR 27.

9   Hence, unlike *Bagby*, the ALJ's RFC assessment in this case did not fail to include credible limitations,

10  and the ALJ did not pose an incomplete hypothetical to the vocational expert.  *See Bagby*, 606 F. App'x

11  at 890.  Plaintiff's argument simply ignores that the ALJ only afforded Dr. Wilson's opinion some

12  weight.  Docket No. 15 at 8 (arguing that "the ALJ gave weight to Dr. Wilson's opinion").  Thus, her

13  argument misses the mark, and she cites no case that requires an ALJ to exhaustively consider

14  limitations that he did not find fully credible.  *See Van Sickle v. Astrue*, 385 F. App'x 739, 741 (9th Cir.

15  2010) (finding error in failing to consider limitations in medical opinions the ALJ found "highly

16  probative"); *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984) (holding that

17  the ALJ "need not discuss all evidence . . . [but] must explain why significant probative evidence has

18  been rejected.").  Accordingly, the ALJ did not err in omitting Dr. Wilson's limitations from his RFC

19  assessment.

20      **IV.    CONCLUSION**

21      Judicial review of the Commissioner's decision to deny disability benefits is limited to

22  determining whether the decision is free from legal error and supported by substantial evidence.  Having

23  reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts

24  from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under

25  42 U.S.C. § 405(g) and the ALJ did not commit legal error.

26  //

27  //

28  //

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 15) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 16) be **GRANTED**.

IT IS SO ORDERED.

DATED: September 25, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).